## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| JACOB TULSKY | : | |
| 2341 Carpenter Street | : | |
| Philadelphia, PA 19146 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: _____ |
| v. | : | |
| | : | |
| ONE SIXTY OVER NINETY, LLC, d/b/a | : | |
| 160OVER90 | : | |
| 510 Walnut Street, 19th Floor | : | **JURY TRIAL DEMANDED** |
| Philadelphia, PA 19106 | : | |
| and | : | |
| ENDEAVOR GROUP HOLDINGS, INC., | : | |
| d/b/a ENDEAVOR | : | |
| 9601 Wilshire Boulevard | : | |
| Beverly Hills, CA 90210 | : | |
| and | : | |
| DOUGLAS TIBBETTS | : | |
| 510 Walnut Street, 19th Floor | : | |
| Philadelphia, PA 19106 | : | |
| and | : | |
| KIMBERLY HALLMAN | : | |
| 510 Walnut Street, 19th Floor | : | |
| Philadelphia, PA 19106 | : | |
| | : | |
| Defendants. | : | |

_____:

## CIVIL ACTION COMPLAINT

Plaintiff, Jacob Tulsky, by and through his undersigned counsel, hereby avers as follows:

## I.     INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by One Sixty Over Ninety,

LLC, d/b/a 160over90, Endeavor Group Holdings, Inc., d/b/a Endeavor, Douglas Tibbetts, and

Kimberly Hallman (collectively "Defendants") for violations of the Family and Medical Leave

Act ("FMLA" – 29 U.S.C. §§ 2601, *et. seq.*). In particular, Plaintiff alleges that he was wrongfully terminated by Defendants (among other claims).[1]

## II.    JURISDICTION AND VENUE

2.    This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

## III.    PARTIES

5.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.    Plaintiff is an adult individual, with an address as set forth in the caption.

7.    One Sixty over Ninety, LLC, d/b/a 160over90 (hereinafter "Defendant 160") is an international marketing and ad agency, providing its services globally. Defendant 160 is

---

[1] Plaintiff will seek leave to amend the instant lawsuit to add claims under the Pennsylvania Human Relations Act ("PHRA"), the Philadelphia Fair Practices Ordinance ("PFPO"), and Title VII of the Civil Rights Act of 1964 ("Title VII") once properly administratively exhausted (as such claims are simultaneously pending with the EEOC and PCHR. Plaintiff was legally required to initiate such claims within state and federal agencies before including them herein.

incorporated in the State of Delaware, but operates a principal place of business at the above-captioned address in Philadelphia, Pennsylvania (wherein Plaintiff was deemed to report and work from).

8.    Endeavor Group Holdings, Inc. (hereinafter "Defendant Endeavor") is an international entertainment, sports and content company. It offers services through its integrated capabilities of talent representation, content development, content distribution and sales, event management, marketing and licensing, and direct-to-consumer offerings. It operates its business in three segments: Entertainment & Sports, Representation and Endeavor X. And this entity is headquartered at the above-captioned address in California.

9.    In 2018, Defendant Endeavor acquired Defendant 160 – and in all respects – has treated Defendant 160 as *a division or branch* of its overall business operation. Defendants operate as a single enterprise, as for example(s):

(a) Defendant Endeavor closely manages and sets directives for management of Defendant 160;

(b) Plaintiff's benefits were processed through Defendant Endeavor, although he was a direct employee of Defendant 160;

(c) Plaintiff had to communicate with and get approved FMLA leave through Defendant Endeavor, operating as human resources and leave administrator for Defendant 160;

(d) Policies and other documentation Plaintiff received (including a handbook) were through Endeavor; and

(e) Even upon termination, Plaintiff's proposed severance agreement (discussed more below) identified businesses he would waive claims against as Defendants Endeavor and 160 (both of which were construed as employers therein).

10.    Defendants 160 and Endeavor are properly considered a single, joint and/or integrated employer for the purposes of this lawsuit, as they shared resources, operated as a

single enterprise, and Plaintiff was functionally an employee of both entities (and for many other reasons).

11.     Douglas Tibbetts (hereinafter "Defendant Tibbetts") has been and remains an Executive Vice President of Defendant 160. He has worked for Defendant 160 for approximately 4 years. At all times relevant herein, he was a high-level executive member of management who engaged in, orchestrated, and directed the FMLA violations as outlined in this lawsuit. He is additionally based in the "greater Philadelphia" region.

12.     Kimberly Hallman (hereinafter "Defendant Hallman") has been and remains a Senior Vice President of Defendant 160. She has worked for Defendant 160 for approximately 7 years. At all times relevant herein, she was a high-level executive member of management who engaged in, orchestrated, and directed the FMLA violations as outlined in this lawsuit. She is additionally based in the "greater Philadelphia" region.

13.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.     FACTUAL BACKGROUND

14.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15.     Plaintiff was hired by Defendant 160 effective on or about March 9, 2020; and in total, Plaintiff was employed for slightly in excess of 1 year (or about 15 months in total).

16.     Plaintiff was hired as a New Business Sales Manager. This was a relatively new role within Defendant 160 created and/or redesigned upon Plaintiff's hire. As a result, there was

no established line of business, no prior leads, and Plaintiff was to create a pipeline of new business **which was expected to take 1-2 years to establish**.

17.     During Plaintiff's entire tenure, he reported to Defendants Hallman and Tibbetts (Senior Vice President and Executive Vice President, respectively).

18.     By early 2021, Plaintiff had not yet established a revenue stream within Defendant 160. This was for multiple reasons: (1) his approximate 8 months of employment in 2020 (and into early 2021) was during the peak of the COVID-19 pandemic where it was understood internally **and** industry-wide that companies were not entering new sales agreements due to global business closures; and (2) as stated *supra*, it was a 1–2 year process in a non-pandemic world to create a pipeline that would begin realizing substantial revenues from commercial contracts.[2]

19.     By January of 2021, Plaintiff was given an annual performance review by Defendant 160 management. **It was overall positive** and outlined goals *for the upcoming year* with the pandemic hopefully subsiding. There was no indication of a potential performance improvement plan **or** discipline.

20.     In addition to being given a largely positive review in January of 2021, Plaintiff also had *numerous* discussions with Defendants Tibbetts and Hallman from January through February of 2021. During the course of those discussions, there were numerous goals discussed *and anticipated work to be performed* **through the remainder of calendar year 2021**.

21.     In short, until in or about March of 2021 – notwithstanding a realized lack of revenue due to the foregoing recognized circumstances (and anticipated timeline) – Plaintiff had

---

[2] In addition to engaging sales pitches, Plaintiff was also creating a structure internally for his role to grow (through media platforms and other mechanisms).

a good working relationship with Defendants and was expected to demonstrate good results by the end of 2021.

22.     Everything changed in mid-March of 2021. During a video conference, on or about March 18, 2021, Plaintiff informed Defendants Tibbetts and Hallman that his wife was pregnant and he was going to utilize an approximate 12-week FMLA leave commencing on July 19, 2021 (subject to possible slight adjustment of start date), as that was his wife's pregnancy due date. By March 2021, Plaintiff had become eligible and otherwise qualified for all statutory protections under the FMLA (being full time and having worked a full 12 months).

23.     Defendants Tibbetts and Hallman had an immediate reaction as if Plaintiff were not a team player, was somehow compromising his commitment to Defendants, and gave Plaintiff the impression they were disgusted that he was taking time off at all or for his full statutorily-permitted timeframe. They had become abrupt, expressed some work-related questions about time off and goals, and did not even smile or say congratulations. Plaintiff instead was in conclusion told this is "more of an HR issue." Plaintiff left this conversation worried about their mutual reactions to him letting them know of his anticipated FMLA usage.

24.     Within roughly 2 weeks of Plaintiff's FMLA disclosures, on or about April 2, 2021, Plaintiff was told by Defendant Tibbetts "if things don't get going, I'm going to put you on a performance improvement plan."

25.     Plaintiff had also memorialized his conversation(s) and pregnancy / FMLA disclosures to Defendants via e-mail. In particular, Plaintiff e-mailed Defendant Endeavor's US Benefits group on April 6, 2021 as follows:

> Hello,
>
> My name is Jacob Tulsky at I work in the Philadelphia office of 160over90 as a New Business Sales Manager.

On March 18, 2021, I notified my manager, Doug Tibbetts, and co-manager, Kimberly Hallman that my wife is pregnant and that I am planning on taking paid parental leave once the baby is born. The plan would be to start leave on July 19, 2021, my wife's due date.

This email is to inform you as well.

Please let me know about any additional next steps.

Thanks,

Jake

26.     On April 6, 2021, Plaintiff was instructed on the FMLA approval process by Defendant Endeavor's staff, as his own management had not given such information or helped Plaintiff initiate the approval / FMLA process.

27.     Through mid-April 2021, Plaintiff was being commended on his work ethic, creation of great opportunities and pipeline, but had simultaneously started receiving verbal <u>and written</u> commentary that revenue generation needs to start sooner and he needs to produce results (sooner than previously anticipated). In a rush to document concerns to Plaintiff via e-mail, Defendants' management even listed several facts and dates incorrectly.

28.     Plaintiff was informed by Defendants' management as of in or about April 2021, he was now to participate in *weekly* meetings. But that again was more of an intent to give the outward impression Plaintiff had performance problems, as <u>many</u> of the meetings which were with little or no notice canceled by Defendants' management. And no meetings were sought or requested regarding feigned performance concerns pre-FMLA leave request(s).

29.     Plaintiff was: (a) greeted with contempt for requesting FMLA leave for 12 weeks; (b) in very close temporal proximity to federally-protected requests for medical leave threatened with a performance improvement plan; (c) subjected to prompt concerns with his performance

following FMLA request(s) and disclosure(s); and (d) his relationship had deteriorated with Defendants management from April – May of 2021 with them being distant, abrupt, less responsive, and canceling meetings with him.

30.     During the second half of May 2021, Plaintiff had been questioned separately, once by Defendant Tibbett and once by Defendant Hallman. In these separate discussions, they sought to confirm the approximate date of my FMLA leave and the length. Again, in neither of these discussions were such management congratulatory or pleasant – and instead – appeared in all respects to be frustrated and very matter of fact. Plaintiff construed the context of the questioning to be *whether Plaintiff either reconsidered* leave entirely <u>or</u> the length of time he was going to utilize (not any real questioning for factual data which was already known **<u>and</u>** had been referred to HR for handling as if not supposedly an issue for management).

31.     On or about June 15, 2021, Plaintiff was notified that he was terminated by Defendants.

32.     Plaintiff was not even extended the courtesy of being given any rationale for his abrupt termination from employment (shortly before his FMLA leave would commence). Nor was Plaintiff provided with a termination letter offering any reason(s) for his termination from employment.

33.     And Plaintiff was presented with a severance agreement offering him money in exchange for waiving all possible legal claims, *inclusive of any claims he may have under the "Family and Medical Leave Act."* This legal waiver and severance agreement was not legally required to be offered to Plaintiff and further corroborates (through *well-established admissible* evidence) the pretext for his termination while asking him to waive such legal claims. [3]

---

[3] *See e.g. Staffieri v. Northwestern Human Servs*., 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. 2013)(an employer who offered severance when policies did not require upon condition of waiving FMLA claim supported

34.     There is simply no question Plaintiff was terminated for discriminatory, retaliatory and other reasons (through unlawful interference with his FMLA entitlements).

**First Cause of Action**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference, Discrimination & Retaliation)**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Plaintiff was at all times during his employment as of March 2021 an eligible employee for FMLA protection.

37.     Defendants committed interference, discrimination and retaliation violations of the FMLA by: (a) attempting to discourage Plaintiff from utilizing FMLA through threats of discipline; (b) creating a hostile work environment for him from April – June 2021;[4] (c) terminating Plaintiff to prevent Plaintiff from using FMLA leave; and (d) terminating Plaintiff in retaliation for requesting and/or exercising his FMLA rights.

38.     Defendants Hallman and Tibbetts are personally liable as individuals incapable of being shielded by corporate status under the FMLA. They both personally undertook all unlawful

---

finding of pretext in FMLA claim among other facts); *See also Bartlett v. NIBCO Inc*., 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of claims which are offered ***contemporaneously with the notice of termination*** are *not* covered by [Rule 408]", and the motive in offering same is admissible evidence in a discrimination or retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs*., *Inc*., 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy); *Cassino v. Reichhold Chemicals, Inc*., 817 F.2d 1338, 1342-43 (9th Cir. 1987)(finding no abuse of discretion when district court admitted severance agreement into evidence, stating "[w]here, as here, the employer tries to condition severance pay upon the release of ***potential claims***, the policy behind Rule 408 does not come into play.")(Emphasis added).

[4] Plaintiff is not pursuing an independent "hostile work environment claim." Rather he is asserting unlawful conduct of a series of demeaning actions taken against him utilized to dissuade use of FMLA (which is separately unlawful).

actions as outlined in this Complaint. They made all management decisions together, and they jointly discriminated / retaliated against Plaintiff. The FMLA permits an individual to be sued as to his or her own assets when they are a manager, corporate officer, or owner involved in the statutory violation(s). *See Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012).

39.     These actions as aforesaid constitute interference, discrimination, and retaliation violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination / retaliation in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, pension, and benefits.

C.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions (where legally permitted);

D.     Plaintiff is to be awarded liquidated or punitive damages as permitted by applicable laws herein;

E.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: June 24, 2021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jacob Tulsky | : | CIVIL ACTION |
| v. | : | |
| One Sixty Over Ninety, LLC, d/b/a 160OVER90, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 6/25/2021 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff  to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2341 Carpenter Street, Philadelphia, PA 19146_____

Address of Defendant: __510 Walnut Street, 19th Floor, Philadelphia, PA 19106; 9601 Wilshire Blvd, Beverly Hills, CA 90210__

Place of Accident, Incident or Transaction: __Defendants place of business_____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when  *Yes*  is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year           Yes ☐         No ☒
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit          Yes ☐         No ☒
   pending or within one year previously  terminated action in this court?

3. Does this case involve the validity or infringement of a patent  already in suit or any earlier            Yes ☐         No ☒
   numbered case pending or within one year previously  terminated action of this court?

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights           Yes ☐         No ☒
   case filed by the same individual?

I certify that, to my knowledge, the within case  ☐ is  /  ☒ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/25/2021__              _____              __ARK2484 / 91538__
                                      *Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**     ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.**     ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: __6/25/2021__              _____              __ARK2484 / 91538__
                                      *Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| TULSKY, JACOB | ONE SIXTY OVER NINETY, LLC, D/B/A 160OVER90, ET AL. |

| **(b)**  County of Residence of First Listed Plaintiff   Philadelphia | County of Residence of First Listed Defendant    Philadelphia |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | X 3  Federal Question<br>*(U.S. Government Not a Party)* | |
| ☐ 2  U.S. Government<br>Defendant | ☐ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* | |

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*

*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☒ 441 Voting<br>X 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | ☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | ☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1  Original<br>Proceeding | ☐ 2  Removed from<br>State Court | ☐ 3  Remanded from<br>Appellate Court | ☐ 4  Reinstated or<br>Reopened | ☐ 5  Transferred from<br>Another District<br>*(specify)* | ☐ 6  Multidistrict<br>Litigation -<br>Transfer | ☐ 8  Multidistrict<br>Litigation -<br>Direct File |

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA (29USC2601)

Brief description of cause:
Vioolations of the FMLA.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    X Yes     ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 6/25/2021 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

| Print | Save As... | Reset |
|---|---|---|